**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30333 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00287-MO |
| v. | |
| LESTER KASPROWICZ, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted July 15, 2011
Portland, Oregon

Before: PREGERSON and WARDLAW, Circuit Judges, and SEDWICK, [**]
District Judge.

Lester Kasprowicz appeals his convictions on seven counts of mail fraud in

violation of 18 U.S.C. § 1341. We have jurisdiction pursuant to 28 U.S.C. § 1291;

we affirm and remand for additional findings.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable John W. Sedwick, United States District Judge for the
District of Alaska, sitting by designation.

The individual counts alleged in the indictment were properly premised on individual mailings in furtherance of a single scheme to defraud. *United States v. Vaughn*, 797 F.2d 1485, 1493 (9th Cir. 1986).

Kasprowicz argues that the hallmark of a scheme to defraud is obtaining money without provision of return services and that, because he provided brokerage services, he could not have been involved in a scheme to defraud. The defining characteristic of a scheme to defraud is actually deceit. *United States v. Milovanovic*, 627 F.3d 405, 410 (9th Cir. 2010) ("Fraud generally means deception, the use of misrepresentation to obtain something of value or deprive another of something of value."). A rational trier of fact could find that Kasprowicz obtained money through deceit based on the evidence presented at trial.

A reasonable jury could also conclude that Kasprowicz intended to defraud his customers based on his use of aliases and multiple business names–some of which were similar to reputable moving and shipping companies–as well as variance between the initial estimate and the final price, and all other aspects of the scheme. That is true regardless of whether there are non-fraudulent explanations for each action individually. *See United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc).

The portion of the jury instruction describing half-truths and concealment as valid forms of misrepresentation was an accurate depiction of Ninth Circuit law. *United States v. Beecroft*, 608 F.2d 753, 757 (9th Cir. 1979) ("Deceitful statements of half-truths or the concealment of material facts is actual fraud under the statute."). If the elements of the mail fraud statute are proved, mail fraud has been committed and no separate violation need be established. *United States v. Green*, 592 F.3d 1057, 1064 (9th Cir. 2010) ("[W]e believe it is settled that wire fraud does not require proof that the defendant's conduct violated a separate law or regulation, be it federal or state law."). The instructions did not allow for good faith price estimates to form the basis of conviction. If the jury relied on Kasprowicz's price quotes, it was required to find that the quotes were falsely made in order to deceive customers.

The district court could reasonably conclude that the calculation in the Pre-Sentence Report provided a reasonable estimate of the loss to the individual victims. *See* U.S.S.G. § 2B1.1 cmt. n.3(C) (A district court "need only make a reasonable estimate of the loss."). Given the total loss attributable to relevant conduct, even if Kasprowicz had been credited the entire amount of the loss to the individuals, his sentence would have been subject to the same 10-level increase that the district court employed. Consequently, any error in calculating the loss

figure at sentencing was harmless. *See United States v. Grissom*, 525 F.3d 691, 696 (9th Cir. 2008).

The losses to third-party businesses considered by the district court at sentencing were attributable to relevant conduct. U.S.S.G. § 1B1.3(a)(1)(A), (a)(2); U.S.S.G. § 1B1.3 cmt. n.9(A), (B). Sentence enhancements based on losses to third-party businesses and individuals not named in the indictment did not violate Kasprowicz's Sixth Amendment right to a jury trial because the third-party victims and their losses were only taken into account for purposes of determining an advisory sentencing range. *See United States v. Booker*, 543 U.S. 220, 245 (2005).

Assuming that evidence of loss to DEX One, Inc. had a disproportionate effect on Kasprowicz's sentence, the probative value of the records produced was not undermined to the point that the records did not constitute clear and convincing evidence that Kasprowicz had incurred the balances reflected.

The district court included a two-point enhancement for obstruction of justice based on perjury. *See* U.S.S.G. § 3C1.1 & cmt. n.4(b). Where a defendant objects to such an enhancement, the district court must make additional findings supporting it. *United States v. Dunnigan*, 507 U.S. 87, 95 (1993). However, neither the testimony regarding Sally Cook nor that regarding falsified W-2 forms

was material to Kasprowicz's mail fraud convictions and therefore neither could form the basis of an obstruction enhancement. *United States v. Armstrong*, 620 F.3d 1172, 1177 (9th Cir. 2010). The district court's more general statement that the evidence before it was sufficient to establish obstruction of justice did not explicitly encompass the factual predicates of perjury. *See id.* Therefore, we remand this case to the district court to reconsider whether the obstruction of justice enhancement is warranted and for resentencing.

**AFFIRMED** and **REMANDED**.